**In re Patrick L. PIERRE, Debtor.**

**Patrick L. PIERRE, Plaintiff,**

**v.**

**Robert A. WELFARE and Jacquelyn Welfare, Defendants/Counter–Claimants.**

**Bankruptcy No. 92–13047–BKC–AJC. Adv. No. 95–0672–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

July 15, 1996.

---

See also, 194 B.R. 927.

Michael A. Frank, N. Miami, FL, for Debtor.

Robert L. Gossett, Hollywood, FL, for Broward Title.

Michael I. Rose, Miami, Florida, for Counter–Claimants.

### ORDER DENYING COUNTER–CLAIMANTS MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM TO REVOKE DISCHARGE OF DEBTOR PURSUANT TO 11 U.S.C. § 727(d)(1)

A. JAY CRISTOL, Chief Judge.

**THIS MATTER** came before the Court on February 14, 1996, at 2:15 p.m., and on February 27, 1996, at 2:00 p.m., upon the Motion for Summary Judgment on Counter–Claim to Revoke Discharge of the Debtor Pursuant to 11 U.S.C. § 727(d) (the "Motion") filed by the Counter–Claimants, Robert A. Welfare and Jacqueline Welfare (the "Counter–Claimants" or the "Welfares"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. The Court, has reviewed the Motion, memorandum of law, and has exam-

ined the pleadings, depositions, and is otherwise advised in the premises.

## BACKGROUND

In April of 1991, a judgment was entered against the Debtor, Patrick L. Pierre (the "Debtor") and in favor or Robert L. Welfare and Jacquelyn S. Welfare (the "Welfare judgment"). A certified copy of the judgment was recorded in the Public Records of Dade County, Florida.

On May 15, 1992, the Debtor filed a Chapter 13 petition. Debtor's Chapter 13 schedules did not include the Welfare judgment. On March 28, 1994, Debtor's case was converted to a Chapter 7. On August 8, 1994, the Debtor received his discharge in the Chapter 7 proceeding. The Welfare judgment had not been listed in the Debtor's bankruptcy schedules filed May 15, 1992. Moreover, the judgment was not listed on the Debtor's amended list of liabilities filed July 10, 1992, nor on the mailing list attached to the Order of Discharge entered August 15, 1994. In fact, at no time prior to the entry of discharge were Debtor's schedules amended to include the Welfare judgment.

On May 18, 1995, the Debtor commenced the instant adversary proceeding, seeking a determination as to the dischargeability of the "omitted" Welfare judgment (C.P. # 1). By order dated December 7, 1995, the Welfare judgment was ultimately deemed dischargeable (C.P. # 37); however, this Court granted the Welfare's *ore tenus* motion to file an action pursuant to § 727(d) of the Bankruptcy Code by Order dated December 7, 1995 (C.P. # 36).

In their counter-claim, filed December 12, 1995, the Welfares allege that on or about September 15, 1995, counsel for the Welfares took a 2004 Examination of the Debtor which revealed that the Debtor "lied on his schedules, intentionally failed to disclose assets which would have been available to satisfy his creditors, failed to disclose transfers of real property which occurred within the year previous to the filing of his Bankruptcy Petition, listed other assets at substantially below their reasonable market value, and failed to disclose pending litigation." (C.P. # 38). Although not specifically pled, the facts alleged

in the counter-claim and the argument of counsel at the hearing appear to invoke a cause of action for revocation of discharge under 11 U.S.C. § 727(d)(1). The Counter-Claimant's Motion for Summary Judgment on Counter–Claim to Revoke Discharge of the Debtor Pursuant to 11 U.S.C. § 727(d) was filed January 24, 1996 (C.P. # 43).

## CONCLUSIONS OF LAW

### Standard of Review for Entry of Summary Judgment

In order to prevail on a Motion for Summary Judgment, the Movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) reads in part:

> The Judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

■ The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be

granted." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted).

■■■ The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson,* 477 U.S. at 247–49, 106 S.Ct. at 2510; *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

### Discussion of 11 U.S.C. § 727(d) and (e)

■■■ Authority for revocation of a debtor's discharge received in a case under Chapter 7 of the Bankruptcy Code is governed by 11 U.S.C. § 727(d). That subsection reads:

On request of the trustee, a creditor, or the United States Trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to surrender or deliver such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

The time limit within which one may request revocation of a discharge under 11 U.S.C. § 727(d) is governed by 11 U.S.C. § 727(e), which states as follows:

The trustee, a creditor, or the United States Trustee may request a revocation of a discharge—

(1) under section (d)(1) of this section within one year after such discharge is granted; or

(2) under section (d)(2) or (d)(3) of this section before the later of—

(A) one year after the granting of such discharge; and

(B) the date the case is closed.

The gravamen of the cause of action for revocation of discharge under 11 U.S.C. § 727(d)(1) is that the Debtor committed fraud in obtaining the discharge and the movant did not know of the fraud until after discharge. Such being the case, the dispositive issue is whether the counter-claim seeking to revoke the Debtor's discharge pursuant to § 727(d)(1) is barred by the statute of limitations set forth in 11 U.S.C. § 727(e).

For those specific events of undiscovered fraud, Congress enacted the statute of limitations found in 11 U.S.C. § 727(e)(1):

This is not a mere statute of limitations, but an essential prerequisite to the proceeding. The year undoubtedly begins to run from the date of entry of the order of discharge, and not from the discovery of the fraud ... Bankruptcy Rule 9024, while making Fed.R.Civ.P. 60 applicable to bankruptcy cases, specifically provides that such application of the Civil Rule does not permit extension of the time allowed by section 727 of the Code for the filing of a complaint to revoke a discharge. The 1983 Advisory Committee Notes to Rule 9024 states that this makes clear that Rule 60(b) affords no basis for circumvention of the time limitations prescribed by section 727 for the commencement of any proceeding to revoke a discharge.

See, Collier on Bankruptcy, pp. 727–113–114 (15th Ed.1991).

Debtor argues that the statute of limitations runs from the date of discharge, and thus, the discharge is a fait accompli. The argument is certainly sound when all creditors are scheduled and notified; and not only the Debtor, but all creditors have been afforded their rights.

But the matter *sub judice* is not that case. In this case, the Debtor failed to list a judgment creditor. Under those circumstances, the judgment creditor has a claim that has not been discharged by Debtor's bankruptcy. This claim may or may not make up for the package of rights the judgment creditor did not receive as a result of not being scheduled. What are those rights?

1. The opportunity to examine Debtor's schedules;

2. The opportunity to attend the § 341 meeting of creditors and to question Debtor;

3. The opportunity to take a Rule 2004 examination of Debtor or others;

4. The opportunity to file an objection to dischargeability under 11 U.S.C. § 523;

5. The opportunity to file an objection to Debtor's discharge under 11 U.S.C. § 727;

6. The opportunity to file an action to revoke Debtor's discharge; and,

7. The right to participate in dividends, if any.

In the instant case, the Welfares were denied all of the foregoing rights and merely retained their judgment undischarged. A chronology of events illustrates the problem with Debtor's argument.

*April 1991:* Judgment entered in favor of creditor.

*May 15, 1992:* Chapter 13 petition filed; judgment creditor not scheduled.

*July 10, 1992:* Amended schedules filed; judgment creditor still not listed.

*March 28, 1994:* Case converted to a Chapter 7.

*August 15, 1994:* Debtor discharged; judgment creditor not included.

*May 18, 1995:* Debtor reopens case; files adversary proceeding to declare judgment debt dischargeable as omitted creditor.

*August 14, 1995:* Statute of limitations runs on all creditors whose debts were discharged by August 14, 1994 discharge.

*December 7, 1995:* Final judgment entered in adversary proceeding declaring judgment debt dischargeable.

*December 15, 1995:* Omitted judgment creditor files for revocation of Debtor's discharge.

Debtor asserts that the running of the statute of limitations commenced on August 15, 1994 for the omitted creditor as well as for the scheduled creditors. Thus, on August 14, 1995, the statute of limitations runs. But, on that date, the omitted creditor's debt has not been discharged. Discharge of the Counter–Claimants' debt occurs on December 7, 1995, **after** Debtor reopened the closed case and prevailed in the adversary proceeding. It flies in the face of reason that the omitted creditor, who was denied all the rights due a creditor, may now have the undischarged claim discharged, and never have any of the rights which the Bankruptcy Code bestows on scheduled creditors.

Debtor's argument provides a vehicle for mischief and/or calculated wrongdoing. Application of Debtor's interpretation of § 727(e)(1) of the Bankruptcy Code results in the opening of a Pandora's Box relative to the rights of omitted creditors. Such that, in cases where one has an aggressive creditor who knows where the body is buried or which closet contains the skeleton, and whose participation in a bankruptcy case would possibly result in denial of discharge, omit that creditor. Get the discharge. Then, after a year, go back and deal only with the issue of the dischargeability of that creditor's claim. Smile when you point out that all other rights of the omitted creditor were lost by the expiration of the statute of limitations resulting in the negation of due process of law.

It is doubtful that Congress intended that the statute of limitations commence running from the date of discharge of debt of some other creditor. The plain language of the Bankruptcy Code provides that the statute runs "one year after such discharge is granted," 11 U.S.C. § 727(e)(1), or "one year after the granting of such discharge," 11 U.S.C. § 727(e)(2)(a).

### CONCLUSION

The action for revocation of discharge was brought by the Counter–Claimants, as credi-

tors, pursuant to 11 U.S.C. § 727(d)(1) of the Bankruptcy Code. Accordingly to the statute, the action must have been filed within one year of the date of entry of the order of discharge. Debtor's discharge was entered on August 8, 1994; however, the Counter–Claimants were not parties to that proceeding. Therefore, the statute of limitations which ran for listed creditors did not begin to run for the Counter–Claimants. Debtor obtained a discharge of Counter–Claimants' debt on December 7, 1995, from which date this creditor had one year to file an action for revocation of discharge. The counter-claim was filed December 12, 1995, well within one year after discharge of the Counter–Claimants' debt. Consequently, this Court finds that the Counter–Claimants' action is not time-barred. Accordingly, it is

**ORDERED** that:

1. The Counter–Claimants' cause of action is not barred by the statute of limitations.

2. The Motion for Summary Judgement is denied.

3. This case is set for pre-trial on August 7, 1996 and for trial during the week of August 19, 1996.

**DONE and ORDERED.**