In re Victor VEROLA, Debtor.

Victor Verola, Plaintiff,

v.

Bruce Colton, in his capacity as State Attorney for the Nineteenth Judicial Circuit of Florida, Defendant.

Bankruptcy No. 00–31318–BKC–SHF. Adversary No. 02–3304–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida.

July 8, 2003.

David Lloyd Merrill, Stuart, FL, for plaintiff.

Richard W. Seymour, Ft. Pierce, FL, for defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on July 1, 2003 upon both the Plaintiff's Motion for Summary Judgment, filed by Victor Verola (the "Debtor"), and the Defendant's Motion for Summary Judgment, filed by Bruce Colton ("Colton"). On January 15, 2003, the Debtor filed his Motion for Summary Judgment. Thereafter, on February 18, 2003, Colton filed Defendant's Response to Plaintiff's Motion for Summary Judgment (the "Defendant's Response"). On March 4, 2003, the Debtor filed Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment in Support of Granting its Motion for Summary Judgment (the "Plaintiff's Reply"). Subsequently, on April 2, 2003, Colton filed Defendant's Motion for Summary Judgment. Having carefully reviewed both motions for summary judgment, the Defendant's Response, and the Plaintiff's Reply, and for the reasons discussed below, the Plaintiff's Motion for Summary Judgment is **granted** and the Defendant's Motion for Summary Judgment is **denied**.

On March 28, 2000, the Debtor filed a voluntary Chapter 7 petition. Subsequently, on December 6, 2000, the Debtor received his discharge. Thereafter, on October 17, 2002, the above captioned adversary proceeding was commenced with the Debtor's filing of the Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(7). On January 15, 2003, the Debtor filed his Motion for Summary Judgment stating that there is no genuine issue of any material fact and claiming that the Debtor is entitled to summary judgment as a matter of law because the debt in the restitution order does not constitute a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit and is compensation for actual pecuniary loss. Accordingly, the Debtor asserts that the debt arising under the restitution order is dischargeable. On the other hand, on April 3, 2003, Colton filed his Motion for Summary Judgment also stating that there is no genuine issue of any material fact but claiming that Colton is entitled to summary judgment as a matter of law because the debt delineated in the restitution order is a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit and does not constitute compensation for actual pecuniary loss. Thus, Colton contends that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157(b)(1) and 157(b)(2)(I). This is a core matter in accordance with 28 U.S.C. § 157(b)(2)(I).

■ Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–8, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), Rice v. Branigar Org., Inc., 922 F.2d 788 (11th Cir.1991); In re Pierre, 198 B.R. 389 (Bankr.S.D.Fla.1996). Rule 56 is based upon the principle that if the court is made aware of the absence of genuine issues of material fact, the court should, upon motion, promptly adjudicate the legal questions which remain and terminate the case, thus avoiding delay and expense associated with trial. See United States v. Feinstein, 717 F.Supp. 1552 (S.D.Fla.1989). "Summary judgment is appropriate when, after drawing all reasonable inference in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." Murray v. National Broad. Co., 844 F.2d 988, 992 (2d Cir.1988).

The legal standard governing the entry of summary judgment has been articulated by the United States Supreme Court in Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In Anderson, the Supreme Court stated that the standard for summary judgment mirrors the standard for directed verdict under Federal Rule of Civil Procedure 50(a), which provides that the trial judge must direct a verdict if there can be but one reasonable conclusion as to the verdict. Id. at 250, 106 S.Ct. 2505. The Court explained that the inquiry under summary judgment and directed verdict are the same: "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

In order to defeat a motion for summary judgment under this standard, the non-moving party must do more than simply show that there is some doubt as to the facts of the case. *Id.* at 252, 106 S.Ct. 2505. Rule 56 must be construed not only with regard to the party moving for summary judgment but also with regard to the non-moving party and that party's duty to demonstrate that the movant's claims have no factual basis. *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could find for the [non-moving party]." *Id.* Thus, the non-moving party must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed fact to prevent a court's entry of summary judgment. *See First Nat. Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *In re Pierre,* 198 B.R. 389 (Bankr.S.D.Fla. 1996).

*Sub judice,* the facts are undisputed. Between November 15, 1994 and January 23, 1998, the Debtor committed the crime of Fraudulent Transactions when he obtained over $50,000 from 81 investors by making an untrue statement of material fact or omitting to state a material fact in connection with rendering investment advice or conducting the offer, sale, or purchase of an investment or security. On November 21, 2001, the Nineteenth Judicial Circuit Court in and for Saint Lucie County, Florida adjudicated the Debtor guilty of Fraudulent Transactions pursuant to Fla. Stat. § 517.301(1)(a). Subsequently, on December 6, 2001, the Debtor stipulated to the entry of a restitution order, which required the Debtor to pay $2,538,557.05 for the benefit of the 81 investors. The restitution order required the Debtor to "fulfill the obligations" in the following manner:

> Total monetary restitution is to be paid through the Department of Corrections, with an additional 4% fee for handling, processing, and forwarding said restitution to the victim(s), in the manner specified in the order of probation.[1]

In the instant complaint, the Debtor asserts that because the restitution order operates to collect money from the Debtor for the benefit of various individuals, who are private citizens and thus who cannot qualify as a governmental unit, and because the restitution order operates to pay various alleged victims for losses they suffered prior to the petition date, the debt arising under the restitution order is dischargeable. Colton admits that the restitution order requires the Debtor to repay his victims in accordance with Florida law and admits that the victims do not constitute a "governmental unit." However, Colton asserts that the debt arising under the restitution order is non-dischargeable pursuant to 11 U.S.C. § 523(a)(7). Therefore, the determinative issue is whether the Debtor may discharge the debt arising from the restitution order.

■ Section 523(a)(7) of the Bankruptcy Code excepts from discharge a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). In order to except a debt from discharge under Section 523(a)(7), the creditor must meet three

---

1. See attached restitution order. The restitution order, which was attached to both the Debtor's Complaint and Colton's Motion for Summary Judgment, was the only evidence illustrating the nature of the obligation at issue.

requirements. *See In re Rashid,* 210 F.3d 201, 206 (3rd Cir.2000); *see also In re Towers,* 162 F.3d 952, 954–955 (7th Cir. 1998). The creditor must show that the debt is created by a "(1) fine, penalty, or forfeiture (2) payable to and for the benefit of a governmental unit [that] (3)[is] not compensation for actual pecuniary loss, other than a tax penalty." *Id.*

■ The Supreme Court dealt with the issue of whether a restitution order constitutes a fine, penalty, or forfeiture within the meaning of § 523(a)(7) in *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). In *Kelly,* the debtor pleaded guilty in a Connecticut state court to a larceny charge based on her wrongful receipt of $9,932.95 in welfare benefits from the Connecticut Department of Income Maintenance. *Id.* at 38, 107 S.Ct. 353. As a condition of the debtor's probation sentence, the state court judge ordered the debtor to make restitution to the State of Connecticut Office of Adult Probation. *Id.* at 39, 107 S.Ct. 353. Thereafter, the debtor filed a Chapter 7 petition and sought to discharge the restitution obligation. *Id.* The Court assumed that the restitution was a fine and thus satisfied the first requirement under Section 523(a)(7), that the debt constitute a "fine, penalty, or forfeiture." *Id.* at 52, 107 S.Ct. 353. Similarly, the Court found the second requirement under § 523(a)(7), that the debt be "payable to and for the benefit of a governmental unit," to be satisfied because the restitution was payable to and for the benefit of the State of Connecticut Office of Adult Probation. *Id.*

Regarding the third element, that the debt is "not compensation for actual pecuniary loss," the Court in *Kelly* explained that although restitution appears to be "compensation for actual pecuniary loss" from the perspective of the victim, restitution is actually something more. *Id.* "Gov-

ernments seek restitution to promote law enforcement by deterrence as well as compensation." *Id.; see also In re Towers,* 162 F.3d at 955. Requiring that the defendant compensate the victims for their loss

> forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused. Similarly, the direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine.

*Kelly,* 479 U.S. at 49 n. 10, 107 S.Ct. 353; *see also In re Rashid,* 210 F.3d at 206; *In re Towers,* 162 F.3d at 955. Thus, due to the law enforcement benefit of restitution, the Court found that the restitution order was not compensation for actual pecuniary loss, thereby satisfying the third requirement under § 523(a)(7). The Court ultimately held that "§ 523(a)(7) preserves from discharge any condition a state court imposes as part of a criminal sentence," including restitution. *Kelly,* 479 U.S. at 50, 107 S.Ct. 353. Similarly, in the instant case, the Court finds that the Debtor's restitution order was a fine and was not for the compensation of his victims' actual pecuniary loss, thereby satisfying the first and third requirements under § 523(a)(7).

However, the second requirement, that the amount be "payable to and for the benefit of a governmental unit," is not satisfied in this case. In *Kelly,* the debtor was required to pay restitution to the State of Connecticut Office of Adult Probation, from which she fraudulently received payments. *Id.* at 38–39, 107 S.Ct. 353. A governmental unit kept the restitution, and thus, there was "no doubt that the restitution was 'payable to and for the benefit of a governmental unit.' " *In re Rashid,* 210

F.3d at 207. To the contrary, in the instant situation, the restitution order specifies that the restitution is to be paid to the Department of Corrections, which will then forward the restitution to the victims.[2] In *Towers,* the Seventh Circuit observed that § 523(a)(7) "offers weak support for exempting restitution orders from discharge, for it does not mention restitution, and it operates only if the penalty is 'for the benefit of a governmental unit'-a condition not easy to satisfy when the governmental body is collecting for private creditors." *In re Towers,* 162 F.3d at 954. The court in *Towers* held that "the context in which 'benefit' appears-'payable to and for the benefit of a governmental unit'-implies that the benefit in question is the benefit of the money that is 'payable to' the governmental unit." *Id.* at 956. Similarly, the Third Circuit found that "the word 'payable' clearly casts an economic light over the phrase that suggests that the benefit must be conferred from the monetary value of the debt to be paid by the defendant and not the more abstract benefit of criminal deterrence." *In re Rashid,* 210 F.3d at 208.

In the instant case, it is clear from the specific language in the restitution order that the benefit, the money, is to be forwarded to the victims. Thus, the second requirement to establish that a debt is excepted from discharge under § 523(a)(7), that the debt be "payable to and for the benefit of a governmental unit," is not met. Therefore, the Court finds that the Debtor's restitution obligation is dischargeable. Accordingly, it is

**ORDERED THAT:**

2. See attached restitution order.

(1) The Plaintiff's Motion for Summary Judgment is **granted.**

(2) The Defendant's Motion for Summary Judgment is **denied.**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

STATE OF FLORIDA

–VS–

A. Victor Vito Verola, Defendant.

Case No. 01–771–CF.

*RESTITUTION ORDER*

____ Restitution is not ordered as it is not applicable.

_XX_ Restitution is ordered for the following persons:

Name of victim: **(See attached list)**

____ The total amount of restitution is $2,538,557.05.

It is further ordered that the defendant fulfill restitution obligations in the following manner (check one, if applicable):

_XX_ Total monetary restitution is to be paid through the Department of Corrections, with an additional 4% fee for handling, processing, and forwarding said restitution to the victim(s), in the manner specified in the order of probation.

____ Total monetary restitution is to be paid through the Clerk of Court, pursuant to Section 775.089(11)(a), in the manner specified in the judgement and sentence.

For which let execution issue.

ORDERED AND ADJUDGED that the State's Motion is hereby Granted.

*Dec*

DONE AND ORDERED in Ft. Pierce, St. Lucie County, Florida on this 6 day of November, 2001.

_____
Robert M. Makemson, Circuit Judge

The Assistant State Attorney and the Attorney for the Defendant, Victor Verola stipulated to the issuance of this order.

_____
M. Levering Evans
Assistant State Attorney

_____
1.2.C-01
Date

_____
Richard D. Kibbey
Attorney for Defendant

_____
12/3/01
Date

"An order of restitution may be enforced by the State, or by a victim named in the order to receive the restitution, in the same manner as a judgement in a civil action. The outstanding unpaid amount of the order of restitution bears interest in accordance with s. 55.03, and when properly recorded, becomes a lien on real estate owned by the defendant. If civil enforcement is necessary, the defendant shall be liable for costs and attorney's fees incurred by the victim in enforcing the order." Section 775.089(5)

cc: M. Levering Evans, Assistant State Attorney
Richard D. Kibbey, Attorney for the Defendant
Probation

## STATE OF FLORIDA
Florida Department of Law Enforcement
Office of State Attorney/19, Investigation Division
Office of Comptroller, Dept. of Banking and Finance

A joint investigation of : GREAT AMERICAN RESORT, INC., et.al.
Secured and Unsecured Promissory Note Programs

## VICTOR VITO VEROLA - Customer List

| Name | Address | City/State/Zip | Investment Amount | First Transaction Date | Note Number |
|---|---|---|---|---|---|
| ANDERSON, Dorothy | 8757 S.W. Cherry Lane | Stuart, Florida 34998 | $64,000.00 | 3/23/1995 | 50001 |
| ANDERSON, Egerard & Celia | 1901 S.E. Avanti Circle | Port Saint Lucie, FL | $10,000.00 | 3/29/1995 | 50002 |
| ANDERSON, Egerard & Celia | 1901 S.E. Avanti Circle | Port Saint Lucie, FL | $10,000.00 | 1/26/1996 | 50047 |
| ANTONUCCI, John | 7516 S.E. Bay Cedar Circle | Port Saint Lucie, FL | $5,000.00 | 6/19/1995 | 50020 |
| ANTONUCCI, John | 7516 S.E. Bay Cedar Circle | Port Saint Lucie, FL | $8,000.00 | 5/24/1996 | 50033 |
| BARONE, Joseph and Mary | 2365 S.E. Mintaul Street | Port Saint Lucie, FL | $10,000.00 | 10/11/1995 | 50049 |
| BEARDMORE, Robert & Virginia | P.O. Box 194 | Mount Holly, VT 05758 | $20,000.00 | 10/14/1994 | 533 |
| BENSON, William J & Rose H. | 1700 Waterford Drive #207 | Vero Beach, FL 32961 | $12,000.00 | 12/30/1994 | 501 |
| BENSON, William J & Rose H. | 1700 Waterford Drive #207 | Vero Beach, FL 32961 | $10,000.00 | 6/22/1995 | 50021 |
| BOIVIN, Gerard & Jeanne | 240 E. Eyerly Avenue | Port St. Lucie, FL | $25,000.00 | 11/23/1994 | 502 |
| BOULTON, Mary G & Keeley, Michael | 10885 S.E. US1 #59 | Hobe Sound, FL 33455 | $10,000.00 | 4/6/1995 | 50003 |
| BRISBANE, Mary | 1926 S.W. Brisbane Street | Port Saint Lucie, FL | $10,000.00 | 10/17/1995 | 50031 |
| CERDAN, Aurelo | 2011 Balboa Avenue | Vero Beach, FL 32960 | $12,000.00 | 4/21/1995 | 50004 |
| CERDAN, Clotide | 2011 Balboa Avenue | Vero Beach, FL 32960 | $5,000.00 | 1/18/1995 | 50039 |
| CUENCO, Willy & Rachel | 420 Colin Circle | Ann Arbor, MI 48103 | $27,000.00 | 6/25/1995 | 503 |
| CIUFFETELLI, Barbara | 16 Juniper Ct. | Armonk, NY 10504 | $175,000.00 | 10/28/1994 | No Nbr |
| CIUFFETELLI, Barbara | 16 Juniper Ct. | Armonk, NY 10504 | $100,000.00 | 6/13/1995 | No Nur |
| CIUFFETELLI, Barbara | 16 Juniper Ct. | Armonk, NY 10504 | ($260,000.00) | 3/24/1997 | Sale Prop |

Revised 11-01-2001

| Name of Investor | Address | City/State/Zip | Investment Amount | Investment Date | Key |
|---|---|---|---|---|---|
| CIVLETT, Anthony & Julia | 343 Camelot Drive | Port Saint Lucie, FL 34983 | $11,000.00 | 4/6/1995 | 50005 |
| CLAYTON, Linda S a/k/a Jung, Linda | 481 Nome Drive | Port Saint Lucie, FL 34984 | $30,000.00 | 4/24/1995 | 50006 |
| CLAYTON, Linda S a/k/a Jung, Linda | 481 Nome Drive | Port Saint Lucie, FL 34984 | $50,000.00 | 6/28/1995 | 50029 |
| COMERFORD, Mary | 3253 Benicia Court | Naples, FL 34109 | $105,000.00 | 6/14/1995 | 50007 |
| COMERFORD, Mary | 3253 Benicia Court | Naples, FL 34109 | $26,000.00 | 6/14/1995 | 50019 |
| DAVIS, Floyd | 292 S.E. Langfield Ave. | Port St. Lucie, FL 34984 | $25,000.00 | 11/30/1994 | 504 |
| DICKINSON, Peter & Angelina | 2499 S.W. Grand Drive | Port St. Lucie, FL 34952 | $50,000.00 | 11/30/1994 | 505 |
| DICKINSON, Peter & Angelina | 2499 S.W. Grand Drive | Port St. Lucie, FL 34952 | $43,000.00 | 2/7/1995 | 506 |
| EDDY, Donald P. | 249 South Pine Street | Fellsmere, FL 32948 | $10,000.00 | 1/18/1995 | 507 |
| EDDY, Donald P. | 249 South Pine Street | Fellsmere, FL 32948 | $25,000.00 | 1/31/1996 | 550 |
| EDDY, Nancy | 249 South Pine Street | Fellsmere, FL 32948 | $10,000.00 | 1/18/1995 | 508 |
| EDDY, Nancy | 249 South Pine Street | Fellsmere, FL 32948 | $25,000.00 | 1/31/1996 | 551 |
| FATO, Melvin Rev. (Trust) | 139 S.W. Hideway Place | Stuart, FL | $10,000.00 | 3/9/1995 | 50008 |
| FIELDING, Inez | P. O. Box 780-453 | Sebastian, FL 32978-0453 | $10,000.00 | 6/14/1996 | 50034 |
| FITZSIMONS FAMILY (Trust) | 5400 North A1A #A16 | Vero Beach, FL 32963 | $23,997.84 | 11/29/1994 | 509 |
| FRAZIER, Mary | 1101 SE Port St. Lucie Blvd. | Port St. Lucie, FL 34952 | $10,000.00 | 4/3/1996 | 50065 |
| GRUNFELDER, Louis | 1740 46th Avenue | Vero Beach, FL 32966 | $5,000.00 | 11/23/1994 | 511 |
| GRUNFELDER, Louis | 1740 46th Avenue | Vero Beach, FL 32966 | $5,000.00 | 2/10/1995 | 510 |
| GRUNFELDER, Louis | 1740 46th Avenue | Vero Beach, FL 32966 | $6,000.00 | 7/9/1996 | 50046 |
| HARRIS, Jean | 1826 7th Avenue | Vero Beach, FL 32960 | $9,225.00 | 2/1/1996 | 50050 |
| HARRIS/KING Jean & Thompson | 1826 7th Avenue | Vero Beach, FL 32960 | $160,000.00 | 1/20/1995 | 515 |
| HYMAN, Estelle D | 1700 Waterford Drive #344. | Vero Beach, FL 32966 | $10,000.00 | 5/1/1995 | 50010 |
| JOSEPH, Florence (Trust) | 947 Barefoot Blvd. | Barefoot Bay, FL 32976 | $5,000.00 | 11/21/1994 | 513 |
| KELLAM, Gaylord H. (Trust) | 44 Vista Garden Trail #102 | Vero Beach, FL 32962 | $5,000.00 | 11/17/1994 | 512 |
| KING, Thompson (Deceased) | 1826 7th Avenue | Vero Beach, FL 32960 | $240,000.00 | 1/30/1995 | 514 |
| KING, Thompson (Deceased) | 1826 7th Avenue | Vero Beach, FL 32960 | $41,175.00 | 2/1/1995 | 50051 |
| KLEIN, Charles & Gertrude | 135 SE 1225 NW 21st St. #16 | Stuart, FL 34994 | $10,000.00 | 1/26/1996 | 50052 |
| KLEIN, Charles & Gertrude | 135 SE 1225 NW 21st St. #16 | Stuart, FL 34994 | $10,000.00 | 04/04/1996 | 50036 |

Revised 11-01-2001

| Investor Name | Address | City/State/Zip | Investment Amount | Investment Date | Note Number |
|---|---|---|---|---|---|
| KLEIN, Charles & Gertrude | 135 SE 1225 NW 21st St. #16 | Stuart, FL 34994 | $10,000.00 | 05/09/1996 | 50035 |
| KLEIN, Clarence & Esther | 136 SE Norfolk Blvd. | Stuart, FL 34997 | $60,000.00 | 04/02/1996 | 50066 |
| KLEIN, Clarence & Esther | 136 SE Norfolk Blvd. | Stuart, FL 34997 | $70,000.00 | 06/04/1996 | 50037 |
| KUEBLER, Janice W. & Albert | 1611 SW Palm Lake Dr. | Stuart, FL 34997 | $10,000.00 | 06/21/1996 | 50038 |
| KURAS, John W. | 1080 Draceme Drive | Micco, FL 32978 | $10,000.00 | 5/3/1995 | 50011 |
| LEACH, John | 2600 E. Ocean Drive G-6 | Stuart, FL 34966 | $23,126.00 | 2/1/1996 | 50053 |
| LEACH, Priscilla | 2600 E. Ocean Drive G-6 | Stuart, FL 34966 | $11,100.00 | 2/1/1996 | 50054 |
| LEENHER, Neil R. | 1205 NW Bently Circle #8 | Port St. Lucie, FL 34985 | $9,700.00 | 12/6/1994 | 510 |
| LUKOWSKI, Sylvia & Julian | 80 SW Blackburn Terrace #3 | Stuart, FL 34997-8323 | $35,000.00 | 11/22/1994 | 517 |
| MCCULLOUGH, Marion C. | 12 Don Quixote Lane | Port St. Lucie, FL 34952 | $39,994.06 | 12/08/1995 | 518 |
| MCCULLOUGH, Marion C. | 12 Don Quixote Lane | Port St. Lucie, FL 34952 | $20,000.00 | 12/08/1995 | 50063 |
| MCKIBBIN, Bonnie | 5170 9th Lane | Vero Beach, FL 32966 | $18,000.00 | 03/28/1996 | 50067 |
| MCKNIFF, Evelyn M. | 2549 SE Oakland St. | Port St. Lucie, FL 34984 | $20,000.00 | 02/06/1996 | 50055 |
| MICHELS, John | 128 Royal Palm Street | Sebastian, FL 32958 | $10,000.00 | 01/16/1995 | 519 |
| MORAMARCO, Dan & Marie | 7 Delmar Avenue | Cresskill, NJ 07626 | $10,000.00 | 05/30/1995 | 50025 |
| MUSUMECI, Isidoro & Elin | 392 Bimini Cay Circle | Vero Beach, FL 32966 | $35,000.00 | 10/26/1994 | 523 |
| MUSUMECI, Isidoro & Elin | 392 Bimini Cay Circle | Vero Beach, FL 32966 | ($9,627.00) | 3/24/1997 | Sale Prop. |
| NICLAS, Robert | 422 SW St. Lucie Street | Stuart, FL 34997 | $2,500.00 | 8/22/1996 | 50072 |
| O'LEARY, John & Anne | P. O. Box 370 | Ft. Pierce, FL 34954-0370 | $20,000.00 | 1/31/1996 | 50056 |
| O'SULLIVAN, Jerry & Annie | 58 Charter Circle | Ossining, NY 10562 | $5,000.00 | 5/28/1996 | 50040 |
| OWEN, Hilda D. | P. O. Box 542 | Melrose, FL 32686 | $65,000.00 | 11/30/1994 | 522 |
| OWEN, William W. Jr. | P. O. Box 542 | Melrose, FL 32686 | $20,000.00 | 11/18/1994 | 521 |
| OWEN, William W. Jr. | P. O. Box 542 | Melrose, FL 32686 | $15,000.00 | 04/26/1996 | 534 |
| PARMENTIER, Monique | 300 S. US Highway 169 | Minneapolis, MN 55426-119 | $20,000.00 | 04/18/1995 | 50013 |
| PAWELCHAK, John & Lenore | 117 S.W. Todd Avenue | Port St. Lucie, FL 34952 | $84,000.00 | 01/22/1996 | 50057 |
| PAWELCHAK, Lenore D. | 117 S.W. Todd Avenue | Port St. Lucie, FL 34952 | $30,000.00 | 04/04/1995 | 50012 |
| PERCIASEPA, William | 301 Leonard Street | Onaga, Ks 66521 | $18,000.00 | 02/20/1996 | 50068 |
| REINBOLD, Karl F. | 1764 SW Waterford Blvd. | Palm City, FL 34990 | $30,000.00 | 11/30/1994 | No Nbr |

Revised 11-01-2001

| Investor Name | Address | City/State Zip | Investment Amount | Investment Date | Note Number |
|---|---|---|---|---|---|
| REINBOLD, Karl F. | 1764 SW Waterford Blvd. | Palm City, FL 34990 | $27,000.00 | 07/01/1996 | 50045 |
| REXRODE, Robert & Virginia | 6010 Cassia Drive | Ft. Pierce, FL 34982-3782 | $9,777.15 | 06/26/1996 | 50044 |
| RIEGER, Egor & Helga | 452 SW Fairway Landing | Port St. Lucie, FL 34986 | $20,000.00 | 06/19/1995 | 50026 |
| RODDENBERRY, John | 1164 37th Avenue S.W. | Vero Beach, FL 32968 | $40,216.00 | 12/31/1994 | 524 |
| RODDENBERRY, John | 1164 37th Avenue S.W. | Vero Beach, FL 32968-4917 | $16,000.00 | 07/17/1995 | 50027 |
| RODDENBERRY, John | 1164 37th Avenue S.W. | Vero Beach, FL 32968-4917 | $19,000.00 | 03/18/1996 | 50048 |
| SAGISSOR, Charles N. & Doris B. | P. O. Box 9012 | Stuart, FL 34995-9012 | $10,000.00 | 12/26/1995 | 50058 |
| SALCIUNAS, Vincas & Onn | 2288 SE Carnation Road | Port St. Lucie, FL 34952 | $16,000.00 | 02/02/1995 | 526 |
| SCHWARTZ, Annie B. | 212 SW Midtown Rd. | Port St. Lucie, FL 34952 | $10,000.00 | 11/23/1994 | 525 |
| SCHWARTZ, Annie B. | 1st Nat. Bank | Wilmington, DE 19801 | $3,000.00 | 04/04/1996 | 50069 |
| SCIRROTTO, Frank S. | 1462 SW Irving Street | Port St. Lucie, FL 34983 | $25,000.00 | 11/30/1994 | 527 |
| SHERRAT, Edwin & Winifred | P.O. Box 782098 | Sebastian, FL 32978 | $25,000.00 | 4/25/1996 | 50041 |
| SHIELDS, JAMES B. | 1134 Spanish Lace Lane | Vero Beach, FL 32963 | $50,000.00 | 12/29/1995 | 50040 |
| SLAUGHTER, Nathaniel | 3900 20th Street | Vero Beach, FL 32960 | $34,000.00 | 04/06/1995 | 50015 |
| SMITH, Maria C. | 1st. Union Bank 58th Ave | | $52,000.00 | 02/26/1996 | 50064 |
| STEWART, Thomas & Lathers, Barb | 5409 Palmetto Drive | Ft. Pierce, FL 34982 | $75,000.00 | 11/1/1995 | 50032 |
| SWEENEY, Ben C. | 1429 4th Avenue | Vero Beach, FL 32960 | $10,000.00 | 4/10/1995 | 50014 |
| TAMASSIA, Paul J. & Dorothy | 690 SE Karrigan Terrace | Port St. Lucie, FL 34983 | $10,000.00 | 10/10/1994 | 528 |
| TAMASSIA, Paul J. & Dorothy | 690 SE Karrigan Terrace | Port St. Lucie, FL 34983 | $12,000.00 | 03/21/1995 | 50016 |
| TAMASSIA, Paul J. & Dorothy | 690 SE Karrigan Terrace | Port St. Lucie, FL 34983 | ($9,627.00) | 03/24/1997 | Sale Prop |
| TAYLOR, Carl D. | P.O. Box 234 | Roseland, FL | $36,000.00 | 1/18/1996 | 50039 |
| TERPAK, Andrew | 2010 Orchard Trace Drive | Vero Beach, FL 32966 | $22,000.00 | 06/20/1996 | 50042 |
| TERPAK, Fern Cyr | 2010 Orchard Trace Drive | Vero Beach, FL 32966 | $10,000.00 | 06/20/1996 | 50043 |
| THOMAS, Herbert & Leone | 701 SW Beard Avenue | Sebastian, FL 32958 | $12,000.00 | 12/31/1994 | 529 |
| THOMPSON, Dorothy A. | 556 9th Place | Vero Beach, FL 32960 | $11,000.00 | 04/26/1995 | 50017 |
| TRIANTAFILLOS, M. S. & M. F. | 1299 Seahawk Way | Palm City, FL 34990 | $10,000.00 | 10/13/1994 | 530 |
| TRIANTAFILLOS, M. S. & M. F. | 1299 Seahawk Way | Palm City, FL 34990 | $7,000.00 | 06/13/1996 | 535 |
| WAITE, Dr. Raymond | 2513 Tropical East Circle | Port St. Lucie, FL 34952 | $6,000.00 | 3/14/1996 | 50070 |

Revised 11-01-2001

| Investor Name | Address | City/State/Zip | Investment Amount | Investment Date | Note Qualifier |
|---|---|---|---|---|---|
| WAITE, Dr. Raymond & Lorrane | 2513 Tropical East Circle | Port St. Lucie, FL 34952 | $10,000.00 | 3/16/1995 | 50018 |
| WELLS, Robert M. | 2430 47th Avenue | Vero Beach, FL 32966-2124 | $10,000.00 | 11/11/1994 | No Nbr |
| WHALEN, Vincent L. | 7933 SE Saratoga Drive | Hobe Sound, FL 33455 | $15,000.00 | 11/30/1994 | 533 |
| WHALEN, Vincent L. | 7933 SE Saratoga Drive | Hobe Sound, FL 33455 | $20,000.00 | 7/31/1996 | No Nbr |
| WINK, Gene & Beverly | 1863 Palm City Rd. #F | Stuart, FL 34994-4347 | $45,000.00 | 1/12/1995 | No Nbr |
| WOOD, Anne P. | 5701 Eagle Drive | Fort Pierce, FL 34951 | $10,000.00 | ?/1/1996 | 50060 |
| YONKOR, Joseph | 4475 Coolidge Road | Brunswick, GA 44212 | $10,000.00 | ?/1/1996 | 50062 |
| YONKOR, Susan | 4475 Coolidge Road | Brunswick, GA 44212 | $10,000.00 | 2/16/1996 | 50061 |

**81 Total Investors**  Amount of Restitution ==>> **$2,598,557.05**

Revised 11-01-2001