In re Shirley Ann **MASSALINE** and Anthony L. Massaline, Debtors.

**Patricia Dzikowski, Trustee, Plaintiff,**

v.

**Shirley Ann Massaline and Anthony L. Massaline, Defendants.**

**Bankruptcy No. 01–30286–BKC–SHF.**
**Adversary No. 03–3079–BKC–SHF–A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 12, 2003.

---

James F. McCollum, Sebring, FL, for debtor.

Patricia Dzikowski, Ft. Lauderdale, FL, for plaintiff.

John L. Walsh, Ft. Lauderdale, FL, for trustee.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came before the Court upon consideration of the Plaintiff's Motion for Summary Judgment, filed by Patricia Dzikowski (the "Trustee"). On May 22, 2003, the Trustee filed her Motion for Summary Judgment and both a memorandum of law and her affidavit in support thereof. Subsequently, on June 17, 2003, Shirley Ann Massaline and Anthony L. Massaline (collectively the "Debtors") filed Defendant's Response and Opposition to Plaintiff's Motion for Summary Judgment ("Response"). On June 5, 2003, the Trustee filed her Reply to Defendants' Response ("Reply"). Thereafter, on June 27, 2003, the parties filed their Joint Stipulation of Facts. Having considered the Motion for Summary Judgment, the Response, the Reply, and the stipulation of facts, and for the reasons discussed below, the Plaintiff's Motion for Summary Judgment is **granted.**

On January 22, 2001, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On May 8, 2001, the Debtors received their discharge. Thereafter, on March 12, 2003, the above captioned adversary proceeding was commenced with the Trustee's filing of her Complaint to Revoke Debtors' Discharge. On May 22, 2003, the Trustee filed her Motion for Summary Judgment stating that there is no genuine issue of any material fact and claiming that the Trustee is entitled to summary judgment as a matter of law because the Debtors failed to comply with this Court's July 26, 2001 Order Directing Turnover, thereby constituting grounds for revocation of the Debtors' discharge under 11 U.S.C. § 727(d).

### Findings of Fact:

At the Debtors' Section 341 meeting of creditors, the Trustee learned that the Debtors had received an income tax refund for the 2000 tax year in the amount of $3,622.00. The Debtors' interest in the tax refund was not disclosed on their bankruptcy schedules, and the Debtors did not claim their interest in the refund as exempt. On June 19, 2001, the Trustee filed her Motion to Compel Turnover pursuant to 11 U.S.C. § 542(a), which requires that an entity in custody, possession or control of property of the estate, which the trustee may use, sell or lease under § 363, turn

such property over to the trustee for administration on behalf of the estate. 11 U.S.C. § 542(a). Subsequently, on July 26, 2001, the Court entered its Order Directing Turnover (the "Turnover Order"), which directed the Debtors to turn over to the Trustee the full amount of the tax refund immediately upon entry of the order. The Debtors did not appeal the Turnover Order, nor did they seek a rehearing on or reconsideration of the Turnover Order. To date, the Debtors have failed to comply with the Turnover Order. Therefore, due to this failure to comply with the Turnover Order, the Trustee initiated the instant adversary proceeding seeking to revoke the Debtors' discharge. The period of time within which the Trustee may seek to revoke the Debtors' discharge as set forth in 11 U.S.C. § 727(e) has not lapsed.

### Conclusions of Law:

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157(b)(1) and 157(b)(2)(I). This is a core matter in accordance with 28 U.S.C. § 157(b)(2)(I).

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–8, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *Rice v. Branigar Org., Inc.,* 922 F.2d 788 (11th Cir.1991); *In re Pierre,* 198 B.R. 389 (Bankr.S.D.Fla. 1996). Rule 56 is based upon the principle

that if the court is made aware of the absence of genuine issues of material fact, the court should, upon motion, promptly adjudicate the legal questions which remain and terminate the case, thus avoiding delay and expense associated with trial. *See United States v. Feinstein,* 717 F.Supp. 1552 (S.D.Fla.1989). "Summary judgment is appropriate when, after drawing all reasonable inference in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Murray v. National Broad. Co.,* 844 F.2d 988, 992 (2d Cir.1988).

The legal standard governing the entry of summary judgment has been articulated by the United States Supreme Court in *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In *Anderson,* the Supreme Court stated that the standard for summary judgment mirrors the standard for directed verdict under Federal Rule of Civil Procedure 50(a), which provides that the trial judge must direct a verdict if there can be but one reasonable conclusion as to the verdict. *Id.* at 250, 106 S.Ct. 2505. The Court explained that the inquiry under summary judgment and directed verdict are the same: "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

In order to defeat a motion for summary judgment under this standard, the non-moving party must do more than simply show that there is some doubt as to the facts of the case. *Id.* at 252, 106 S.Ct. 2505. Rule 56 must be construed not only with regard to the party moving for summary judgment but also with regard to the non-moving party and that party's duty to demonstrate that the movant's claims have no factual basis. *Id.* "The mere existence

of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could find for the [non-moving party]." *Id.* Thus, the non-moving party must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed fact to prevent a court's entry of summary judgment. *See First Nat. Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *In re Pierre,* 198 B.R. 389 (Bankr.S.D.Fla. 1996).

*Sub judice,* the Trustee seeks to revoke the Debtors' discharge pursuant to 11 U.S.C. § 727(d), which provides: "On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if ... (3) the debtor committed an act specified in subsection (a)(6) of this section." 11 U.S.C. § 727(d). Subsection (a)(6)(A) provides that the court shall grant the debtor a discharge, unless "the debtor has refused in the case to obey any lawful order of the court, other than to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). Numerous authorities have held that debtors must be denied a discharge under 11 U.S.C. § 727(a)(6)(A) if they act in violation of, or in contempt of, court orders. *See In re Jones,* 966 F.2d 169, 172–174 (5th Cir.1992) (affirming a summary judgment order denying a discharge on the grounds that the debtor violated a court order); *Kershaw v. Behm,* 81 B.R. 897, 902 (Bankr.M.D.Tenn. 1988) (finding that the bankruptcy court has complete discretion to find a violation of its order to be so serious as to require denial of discharge); *In re Davenport,* 147 B.R. 172, 181 (Bankr.E.D.Mo.1992) (finding that debtor's failure to obey a lawful court order warranted the denial of the debtor's discharge); *In re Dreyer,* 127 B.R. 587, 598–599 (Bankr.N.D.Tex.1991) (holding that because there was no evidence that debtor ever complied with a bankruptcy court order requiring him to furnish information within 10 days of the order, the debtor's discharge should be denied for failure to obey a lawful order of the court); *In re Powers,* 112 B.R. 184, 191 (Bankr.S.D.Tex.1989); and *In re Richardson,* 85 B.R. 1008, 1011, 1021 (Bankr. W.D.Mo.1988) (holding that "the sanction [of denial of discharge] should be applied for each and every violation [of bankruptcy court orders].").

In the instant case, the Debtors violated this Court's Turnover Order, which directed the Debtors to turn over to the Trustee funds in the amount of $3,622.00 immediately upon entry of the order. The Debtors never appealed the order, and to this day, have failed to comply with the order. Accordingly, it is

**ORDERED** that

(1) The Plaintiff's Motion for Summary Judgment is **granted.**

(2) The Discharge of Debtors issued by the Court on May 8, 2001 is **revoked.**