698 So.2d 570 (1997)
Claude E. ROBINSON, Appellant,
v.
STERLING DOOR & WINDOW COMPANY, INC., Appellee.
No. 96-1623.
District Court of Appeal of Florida, First District.
July 21, 1997.
Rehearing Denied August 28, 1997.
David B. Pleat of Barth & Pleat, Destin, for Appellant.
Joseph M. Scheyd, Jr., Destin, for Appellee.
*571 PER CURIAM.
Appellant filed the instant appeal based on the trial court's determination that Appellee has a valid lien on property owned by Appellant. Appellant filed a complaint for a declaratory judgment, claiming Appellee's judgment lien is defective because it does not include Appellee's address, as required by section 55.10(1), Florida Statutes. The trial court determined that Appellee's lien is valid because the names of the attorneys involved in the proceedings giving rise to the judgment lien were contained in the judgment lien, thereby satisfying the terms and intent of section 55.10(1), Florida Statutes.
The issue on appeal is whether the trial court erred when applying section 55.10(1), Florida Statutes, to Appellee's judgment lien on Appellant's realty. Courts are "obliged to give effect to the language the Legislature has used ..."; thus, unambiguous statutes should not be subject to construction or interpretation. Baker v. State, 636 So.2d 1342, 1343 (Fla.1994) (citation omitted). Section 55.10(1), Florida Statutes, provides that:
A judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, and it shall be a lien for a period of 7 years from the date of the recording provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. A judgment, order, or decree does not become a lien on real estate unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree.

§ 55.10(1), Fla. Stat. (emphasis added). Accordingly, section 55.10(1) unambiguously requires that Appellee's address be on the judgment lien. Because Appellee's judgment did not contain his address, it "d[id] not become a lien on [the] real estate...." Id. Thus, the trial court's final judgment should be reversed and the case remanded for proceedings consistent with this opinion.
BOOTH, WOLF and PADOVANO, JJ., concur.