721 So.2d 1236 (1998)
HOTT INTERIORS, INC., Appellant,
v.
Moustapha FOSTOCK, Ann Fostock, Abbas Sadriwalla, Deborah Sadriwalla, and Andrew Lampsone, Appellees.
No. 98-0871.
District Court of Appeal of Florida, Fourth District.
December 23, 1998.
*1237 Kenneth E. Keechl of Brinkley, McNerney, Morgan, Solomon & Tatum, Fort Lauderdale, and June M. Clarkson of June M. Clarkson, P.A., Hollywood, for Appellant.
Kimberly Hall Doyle of Atkinson, Diner, Stone & Mankuta, P.A., Hollywood, for Appellee-Moustapha Fostock.
Joseph J. Huss of Romanik Huss Paoli & Ivers, Hollywood, for Appellee-Ann Fostock.
Maurice M. Garcia of Abrams Anton P.A., Hollywood, for Appellees-Abbas Sadriwalla and Deborah Sadriwalla.
Lee Huszagh, Tallahassee, for Amicus Curiae-Florida Land Title Association, Inc.

CORRECTED OPINION
GROSS, J.
We grant Appellee, Ann Fostock's motion to correct, withdraw our previous opinion, and substitute the following opinion.
The issue in this case is whether a final judgment becomes a lien on real estate when it contains the address of the plaintiff's attorney but not the address of the plaintiff. We hold that section 55.10(1), Florida Statutes (1997), requires that a final judgment contain the judgment holder's address to become a lien on real estate. An alternative method of creating such a lien is to record an affidavit in compliance with section 55.10(1). A judgment containing only the address of the judgment holder's attorney does not comply with the statute, so that its recording does not impose a lien on real estate.
Hott Interiors, Inc. (Hott) obtained judgments against Moustapha Fostock for $54,003.56 and $4,645.32 for costs. Certified copies of both judgments were recorded in Broward County. Neither judgment contained Hott's address, nor were any affidavits containing any address for Hott recorded with the judgments. Both judgments contained the address of Hott's attorneys.
Thereafter, Fostock and his wife Ann, conveyed real property to Abbas and Deborah Sadriwallas (Sadriwallas). The Fostocks sued for declaratory relief seeking a ruling that no liens had attached to the real property as a result of the recordation of Hott's judgments. The Fostocks and Sadriwallas filed motions for summary judgment, asserting that the judgments failed to comply with the requirements of section 55.10(1) for creating a lien on real property.
*1238 The trial court granted the motions for summary judgment. The court ruled that while certified copies of the final judgments had been duly recorded in the official records of Broward County, the failure to comply with section 55.10(1) resulted in no liens attaching to any real property.
Section 55.10(1), Florida Statutes (1997), provides that:
A judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, and it shall be a lien for a period of 7 years from the date of the recording provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. A judgment, order, or decree does not become a lien on real estate unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree.
(Emphasis supplied).
We must construe section 55.10(1) "to give effect to the plain meaning of its words." Palm Beach County Health Care Dist. v. Everglades Mem'l Hosp., 658 So.2d 577, 580 (Fla. 4th DCA 1995), rev. denied, Everglades Mem'l Hosp. v. Palm Beach County Health Care Dist., 701 So.2d 867 (Fla.1997). As articulated by our supreme court in Modder v. American Nat'l Life Ins. Co. of Texas, 688 So.2d 330, 333 (Fla.1997):
In Holly v. Auld, 450 So.2d 217 (Fla.1984), this Court explained that while extrinsic aids and rules of statutory construction and interpretation are available to courts where statutes are ambiguously worded, "[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Id. at 219 (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 1144, 137 So. 157 (1931)).
Because the wording of section 55.10(1) is not ambiguous, unreasonable, or illogical, we may not go beyond its clear wording and plain meaning to expand its reach. See Palm Beach Community College Found., Inc. v. WFTV, Inc., 611 So.2d 588 (Fla. 4th DCA 1993). To do so would be to extend or modify the express terms of the statute, which would be an improper abrogation of legislative power. See Oruga Corp., Inc. v. AT & T Wireless of Florida, Inc., 712 So.2d 1141 (Fla. 3d DCA 1998).
As if to insist on one interpretation, the statute in this case says the same thing in two different ways. In separate sentences, section 55.10(1) specifies that the address of a judgment creditor must be contained in the judgment or in a simultaneously recorded affidavit in order for the judgment to become a lien on real estate. First, the statute states how a judgment becomes a lien: "[a] judgment ... becomes a lien on real estate ... [when properly recorded] ... provided that the judgment ... contains the address of the person who has a lien as a result of such judgment." To emphasize this point, in the next sentence, the statute states that a judgment does not become a lien "unless the address of the person who has a lien as a result of such judgment ... is contained in the judgment." We cannot expand this clear statutory directive to say that the address of the judgment holder's attorneys may be substituted for that of the judgment holder.
In Robinson v. Sterling Door & Window Co., 698 So.2d 570 (Fla. 1st DCA 1997), the first district dealt with a similar issue and reached a similar result. In Robinson, only the names of the judgment creditor's attorneys, not the attorneys' address, were included on a final judgment. Ruling that no lien on real estate had been created by such a judgment, the first district held that section 55.10(1) "unambiguously requires" that the judgment holder's address be contained in the judgment for it to become a lien on real estate.
Hott also argues that section 55.10(1) is unconstitutional because forms contained *1239 at Florida Rules of Civil Procedure 1.990, 1.991, 1.993, 1.994, and 1.996 do not require the inclusion of a judgment creditor's name and address. Hott contends that the inclusion of an address in a judgment is a matter of procedure within the exclusive purview of the supreme court. See Art. V, § 2(a), Fla. Const.
We reject this argument for two reasons. First, the forms at issue do not conflict with the statutes; they concern only the body of the judgment, without any reference to the addresses which a judgment must contain. More importantly, in section 55.10(1), the requirement that a judgment holder's address be included in a judgment to become a lien on real property is a matter of substantive law, which is properly within the power of the legislature.
A substantive law creates, defines, and regulates rights, while a procedural law prescribes methods of enforcing rights or obtaining redress for the invasion of rights. See Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994). A statutory determination of what content is necessary for a judgment to become a lien on real property is a substantive law, because it creates the form of judgment that becomes a lien. How this type of lien is created is a matter of legislative prerogative. As explained by the supreme court in Smith v. Venus Condominium Ass'n, Inc., 352 So.2d 1169, 1170-71 (Fla.1977):
At common law, except for debts due the King, the lands of a debtor were not liable to the satisfaction of a judgment lien against him, and consequently, a judgment did not operate as a lien on the real estate of the debtor. Judgment liens on land are statutory liens and their existence depends upon the legal effect of the statute by which they are created.

(Citations omitted) (emphasis supplied).
For these reasons, we affirm the final judgment.
DELL and SHAHOOD, JJ., concur.