In re JACKIE JOHNS, DMD,
P.A., Debtor.

Daniel Bakst, Trustee Plaintiff,

v.

WRH Mortgage, Inc., et
al., Defendants.

Bankruptcy No. 98–30924–BKC–PGH.
Adversary Nos. 01–3055–BKC–PGH–
A, 01–3056–BKC–PGA–A.

United States Bankruptcy Court,
S.D. Florida.

Aug. 21, 2001.

Alan R Crane, West Palm Beach, FL.

J. Randolph Liebler, Miami, FL.

Ricardo A. Gonzalez, Miami, FL.

Brian T. Hanlon, West Palm Beach, FL.

Leonard T. Provenzale, Sunrise, FL.

## MEMORANDUM DECISION AND ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

PAUL G. HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court on June 1, 2001, upon Trustee, Daniel Bakst's (the "Trustee") Motion for Summary Judgment against WRH Mortgage, Inc. (the "Defendant"). On July 3, 2001, the Defendant filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (the "Response"). On July 9, 2001, the Trustee filed a Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (the "Reply"). On July 11, 2001, the Trustee and the Defendant filed a Joint Stipulation of Facts (the "Stipulation of Facts").

The Court finds that because there are no material facts in dispute, summary judgment is appropriate. *See Clemons v. Dougherty County,* 684 F.2d 1365, 1368 (11th Cir.1982) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Having reviewed the Motion for Summary Judgment, the Response, the Reply, and the Stipulation of Facts, the Court hereby enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Debtor herein, Jackie C. Johns, DMD, P.A. (the "Debtor"), filed a petition for relief under chapter 11 of the Bankruptcy Code on February 23, 1998. The case was later converted to a Chapter 7 Bankruptcy Case on November 3, 1998. Daniel Bakst, Trustee (the "Trustee") is the duly appointed and qualified chapter 7 trustee for the Debtor's bankruptcy estate.

On November 15, 1989, the Debtor purchased a piece of real property located in West Palm Beach, Florida (hereinafter the "Subject Real Property"). Subsequently, on December 4, 1996, the Defendant obtained a judgment against the Debtor in state court. In an attempt to place a lien on the Subject Real Property, a certified copy of the Defendant's state court judgment was recorded in the land records for Palm Beach County on January 6, 1997. All parties agree that the certified copy of the judgment did not contain the Defendant's address. On February 5, 1997, the Defendant filed a separate Affidavit of Lienholder, pursuant to Florida Statute § 55.10. The Affidavit of Lienholder did contain the Defendant's address. In the instant case, the Defendant has filed a secured claim based on a perfected security interest in personal property, and a judgment lien on the Subject Real Property.

On March 7, 2001, the Trustee filed a Complaint to Determine Validity, Priority, and Amount of Interest in Property to Quiet Title and for Declaratory Relief pursuant to Bankruptcy Rules 7001(2), (7), and (9) (the "Complaint"), instituting the instant Adversary Proceeding. In the Complaint, the Trustee asserts that the Trustee has superior right, title and interest to the Subject Real Property over the Defendant, and that the Trustee is the owner of the property free and clear of any right, lien, title and interest of the Defendant.

The Motion for Summary Judgment seeks a determination that the Defendant does not have a secured interest as to a judgment lien in the Subject Real Property. In his Motion for Summary Judgment, the Trustee argues that the Defendant failed to comply with Florida Statute

§ 55.10(1) which requires that when filing a judgment in the land records, the judgment either contain the lienholder's address or be filed simultaneously with an affidavit that contains such address. Therefore, it is the Trustee's position that the Defendant does not have a judgment lien on the Subject Real Property.

The Response argues that although the Defendant failed to meet the precise requirements of § 55.10(1), the Defendant has nonetheless met the legislatures purpose in enacting § 55.10. In complying with the "spirit" of § 55.10, the Defendant argues that it should have a judgment lien on the Subject Real Property.

### CONCLUSIONS OF LAW

The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1), and 157(b)(2)(I). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056(c), provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Rice v. Branigar Org., Inc.*, 922 F.2d 788 (11th Cir.1991); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525 (11th Cir.1987); *In re Pierre*, 198 B.R. 389 (Bankr.S.D.Fla.1996). Rule 56 is based upon the principle that if the court is made aware of the absence of genuine issues of material fact, the court should, upon motion, promptly adjudicate the legal questions which remain and terminate the case, thus avoiding the delay and expense associated with a trial. *See United States v. Feinstein*, 717 F.Supp. 1552 (S.D.Fla.1989). In considering a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corporation v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED R. CIV. P. 1). "Summary judgment is appropriate when, after drawing all reasonable inference in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Murray v. National Broadcasting Co.*, 844 F.2d 988, 992 (2d Cir.1988).

The legal standard governing the entry of summary judgment has been articulated by the United States Supreme Court in *Celotex* and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In *Celotex* and *Anderson*, the Supreme Court focused on the question of what constitutes a genuine issue of material fact within the meaning of Rule 56. In *Celotex*, the Court held that the moving party may satisfy the burden imposed by Rule 56 in two ways: the moving party may submit affidavit evidence that negates an essential element of the non-moving party's claim and/or the

moving party may demonstrate that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 328, 106 S.Ct. 2548.

In *Anderson*, the Court stated that the standard for summary judgment mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which provides that the trial judge must direct a verdict if there can be but one reasonable conclusion as to the verdict. *See Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. The Court explained that the inquiry under summary judgment and directed verdict are the same: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

In order to defeat a motion for summary judgment under this standard, the non-moving party must do more than simply show that there is some doubt as to the facts of the case. *See id.* at 252, 106 S.Ct. 2505. Rule 56 must be construed not only with regard to the party moving for summary judgment but also with regard to the non-moving party and that party's duty to demonstrate that the movant's claims have no factual basis. *See id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* Thus, the non-moving party must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed fact to prevent a court's entry of summary judgment. *See First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Resolution Trust Corp. by the FDIC v. Clark*, 741 F.Supp.

896 (S.D.Fla.1990); *In re Pierre*, 198 B.R. 389 (Bankr.S.D.Fla.1996).

**I. The Defendant has Failed to Comply with the Statutory Requirements of Florida Statute § 55.10(1).**

In the Motion for Summary Judgment, Trustee argues that the Defendant has failed to comply with Florida Statute § 55.10(1). As amended on July 1, 2001, § 55.10(1) states:

A judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. **A judgment, order, or decree does not become a lien on real property unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree.** If the certified copy was first recorded in a county in accordance with this subsection between July 1, 1987, and June 30, 1994, then the judgment, order, or decree shall be a lien in that county for an initial period of 7 years from the date of the recording. If the certified copy is first recorded in accordance with this subsection on or after July 1, 1994, then the judgment, order, or decree shall be a lien in that county for an initial period of 10 years from the date of the recording.

FLA. STAT. ch. 55.10(1) (2001) (emphasis added). The procedure for obtaining a lien under § 55.10 is remarkably simple. In order to attach a lien to real property, one must file a certified copy of a final judgment in the land records of the county where the real property is located. This final judgment must either contain the address of the person who has the lien, or be attached to an affidavit which contains this information.

As previously noted, the Defendant filed a certified copy of its final judgment in the land records for Palm Beach County on January 6, 1997. It is an uncontested fact that the Defendant failed to place the address of the Defendant on the final judgment. On February 5, 1997, the Defendant filed a separate Affidavit of Lienholder in the land records. Although the Affidavit of Lienholder did contain the Defendant's address, it is likewise an uncontested fact that the Affidavit of Lienholder was not filed simultaneously with the final judgment. It is therefore quite clear to this Court that the Defendant has failed to comply with the statutory requirements of § 55.10(1).

The Defendant first argues that the lien should attach because the Affidavit of Lienholder was filed less than a month after the certified copy of the judgment was recorded, resulting in a minimal delay. Attached as an exhibit to the Response, the Defendant includes a name search of the Official Records of Palm Beach County for the name "Jackie Johns." The name search reveals that the recorded judgment and the Affidavit of Lienholder are separated by only one entry. The Defendant argues that in performing a title search, a title agent would inevitably be provided with notice of the Defendant's lien. In essence, the Defendant is arguing that the Court should view its failure to comply with § 55.10 as "harmless error." This argument is simply not persuasive.

The wording of § 55.10(1) is clear and concise. Under Florida law, "when the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *Hott Interiors, Inc. v. Fostock,* 721 So.2d 1236, 1238 (Fla. 4th DCA 1998) (quoting *Modder v. American Nat'l Life Ins. Co. of Tex.,* 688 So.2d 330, 333 (Fla. 1997)). This Court has stated in the past that "[b]ankruptcy judges have no more power than any others to ignore the plain language of a statute in order to reach a result more in keeping with their notions of equity." *In re Bertolami,* 235 B.R. 493, 498 (Bankr.S.D.Fla.1999). Applying the plain meaning of § 55.10(1) the Court finds that the Defendant did not properly attach a lien to the Subject Real Property.

The Defendant next argues that although the final judgment did not contain the Defendant's address, it did contain the Defendant's attorney's address. As such, the Defendant asks this Court to give effect to its lien filing. This argument too must fail. In *Hott Interiors, Inc. v. Fostock,* 721 So.2d 1236 (Fla. 4th DCA 1998), the Florida Fourth District Court of Appeal interpreted Florida Statute § 55.10(1). The court held that § 55.10(1) requires that a final judgment contain the judgment holder's address to become a lien on real estate. *Id.* at 1238. An alternative method to create a lien on real property is to record an affidavit in compliance with § 55.10(1). *Id.* As in the case *sub judice,* in *Hott Interiors* only the address of the judgment creditor's attorney was included on the final judgment. Ruling that no lien on real estate had been created by such a judgment, the court stated that "[w]e cannot expand this clear statutory directive to say that the address of the judgment holder's attorneys may be substituted for that of the judgment hold-

er." *Id.* Section 55.10(1) unambiguously requires that the judgment holder's address be contained in the judgment for it to become a lien on real property.

 As the Fourth District Court of Appeal aptly stated, "[j]udgment liens on land are statutory liens and their existence depends upon the legal effect of the statute by which they are created." *Id.* at 1239 (quoting *Smith v. Venus Condominium Ass'n, Inc.,* 352 So.2d 1169, 1170–71 (Fla.1977)). Section 55.10(1) specifically requires either that a final judgment contain the judgment holder's address, or that the final judgment is filed *simultaneously* with an affidavit containing the judgment holder's address. Having failed to carry out either one of these procedures, this Court finds that as a matter of law the Defendant failed to attach a lien to the Subject Real Property.

Accordingly, the Court enters Summary Judgment in favor of the Trustee.

### *ORDER*

In accordance with the foregoing analysis and being otherwise fully advised in the premises, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. Summary Judgment is entered in favor of the Trustee and against the Defendant.

2. The Defendant does not have a secured interest as to a judgment lien in the Subject Real Property.

3. Pursuant to Federal Rule of Bankruptcy Procedure 9021, a separate Final Judgment incorporating these findings of fact and conclusions of law will be entered contemporaneously herewith.

### *FINAL JUDGMENT*

**THIS MATTER** came before the Court on June 1, 2001, upon Trustee, Daniel Bakst's (the "Trustee") Motion for Summary Judgment against WRH Mortgage, Inc. (the "Defendant"). The Court finds that there are no material facts in dispute and that summary judgment is appropriate. *Clemons v. Dougherty Co.,* 684 F.2d 1365, 1368 (11th Cir.1982) *citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142. 157 (1970).

In accordance with Federal Rule of Bankruptcy Procedure 9021 and this Court's Order Granting Trustee's Motion for Summary Judgment entered contemporaneously herewith, it is hereby **ORDERED AND ADJUDGED** that:

1. Summary Judgment is entered in favor of the Trustee and against the Defendant.

2. The Defendant does not have a secured interest as to a judgment lien in the Subject Real Property.