KLEIN, J.
In order for a judgment to become a lien on real property a certified copy must be recorded and it must contain the address of the person having the lien. The issue in this case is whether, where there is an assignment of the judgment after it has been properly recorded, the assignee must rerecord. We conclude that the assignee need not do so.
Section 55.10(1), Florida Statutes (2001), provides in part:
A judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order or decree, or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree.
First Union National Bank recorded three judgments against Lynn Smith, complying with all requirements of the statute. Subsequently Smith availed herself of section 222.01, Florida Statutes (2001) which provides a method for a property owner claiming a homestead exemption to have the court determine if a judgment which has been recorded under section 55.10 prevails over the homestead claim. In accordance with section 222.01 Smith served notice to First Union, which then had forty-five days in which to seek declaratory relief as to the homestead status of the property.
First Union did not respond because it had assigned its judgments to Westport Recovery Corporation, a fact which was not shown in the public records. Westport was not required to be served, and was not served, but did respond to the notice by timely seeking declaratory relief.
Smith moved to dismiss Westport’s complaint on the ground that Westport violat *228 ed section 55.10(1) by failing to record an affidavit showing the assignment of the judgments and the name and address of Westport. The trial court agreed with Smith and dismissed the complaint, on the ground that Westport did not have standing.
In construing the same statutory provision in Hott Interiors, Inc. v. Fostock, 721 So.2d 1236, 1238 (Fla. 4th DCA 1998) we noted:
Because the wording of section 55.10(1) is not ambiguous, unreasonable, or illogical, we may not go beyond its clear wording and plain meaning to expand its reach. See Palm Beach Cmty. Coll. Found., Inc. v. WFTV, Inc., 611 So.2d 588 (Fla. 4th DCA 1993). To do so would be to extend or modify the express terms of the statute, which would be an improper abrogation of legislative power. See Oruga Corp., Inc. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141 (Fla. 3d DCA 1998).
The statute plainly states that a judgment becomes a lien when a certified copy is recorded and contains the address of the person having the lien. First Union complied with the statute. Because this statute does not require an assignee to rerecord, the trial court erred in granting the motion to dismiss. We therefore reverse.[1]
FARMER, J., and LEVIN, STEVEN J., Associate Judge, concur.

. The statute under which Smith was proceeding required her to send notice of her claim for homestead exemption to "the address shown in the most recent recorded judgment or accompanying affidavit.” § 222.01(3). Although there is no requirement in the statute that assignees rerecord, they would be well advised to do so, because if they do not, the statute does not require that they be notified of proceedings which could extinguish their liens.