862 So.2d 899 (2003)
Thomas TOMALO, Appellant,
v.
KINGSLEY DISPLAYS, INC., a Florida corporation, Appellee.
No. 2D02-5702.
District Court of Appeal of Florida, Second District.
December 19, 2003.
*900 George L. Hayes III, of Hayes & Martohue, P.A., St. Petersburg, for Appellant.
Robert Persante of Persante & McCormack, P.A., Clearwater, for Appellee.
COVINGTON, Judge.
This is an appeal by Thomas Tomalo of the trial court's order holding that his judgment lien is subordinate to that of another lienholder, Kingsley Displays, Inc. Because we conclude that the lien recorded by Kingsley does not comply with the requirements of section 55.10(1), Florida Statutes (2000), we reverse the holding of the trial court.
These proceedings commenced via the filing of a mortgage foreclosure action in July 2000. Both Kingsley and Tomalo, who were junior lienholders, asked the trial court to determine the priority of their respective judgment liens. The trial court found that Kingsley's judgment, recorded on February 5, 1996, met the necessary statutory requirements and was therefore a valid lien. Kingsley's judgment did not include Kingsley's address, but instead contained Kingsley's name followed by "c/ o" and the address of Kingsley's lawyer. Since Tomalo's judgment was not recorded until January 7, 1997, the trial court concluded that his lien was subordinate to that of Kingsley.
Section 55.10(1) delineates when a judgment, order, or decree becomes a valid lien, and provides:
A judgment, order, or decree becomes a lien on real estate in any county when a certified copy of it is recorded in the official records or judgment lien record of the county ... provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously ... stating the address of the person.... A judgment, order, or decree does not become a lien on real estate unless the address of the person ... is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded....
(Emphasis added).
As have the courts in Hott Interiors, Inc. v. Fostock, 721 So.2d 1236, 1238 (Fla. 4th DCA 1998), and Robinson v. Sterling Door & Window Co., 698 So.2d 570, 571 (Fla. 1st DCA 1997), we find the language of section 55.10(1) to be plain and unambiguous. In Hott, the Fourth District was faced with determining whether judgments obtained by Hott against Fostock were valid liens. 721 So.2d at 1237. While the judgments did not contain Hott's address, they did include the address of Hott's attorneys. Id. The trial court granted summary judgment in favor of Fostock, concluding that Hott failed to comply with section 55.10(1). Id. at 1238. On appeal, the Fourth District affirmed *901 the ruling of the trial court, reasoning that, "We cannot expand this clear statutory directive to say that the address of the judgment holder's attorneys may be substituted for that of the judgment holder." Id. (Emphasis added.)
Likewise in Robinson, the First District was asked to resolve whether a judgment lien was defective in light of the fact that the names of the creditor's attorneys, but not the creditor's address, appeared in the judgment. 698 So.2d at 571. Looking to the plain meaning of the words in the statute, the First District determined that the judgment had not become a valid lien since it did not contain the address of the creditor. Id.
In the case at bar, Kingsley has attempted to distinguish Hott and Robinson by focusing on the "c/o" on Kingsley's recorded judgment. While we recognize that the name Kingsley Displays, Inc., and an address do appear on the recorded judgment, we are mindful that section 55.10(1) does not merely call for "an address." The statute very specifically requires "the address of the person who has a lien." § 55.10(1). Furthermore, pursuant to the statute's explicit mandates, the judgment "does not become a lien on real estate unless the address of the person who has a lien as a result of such judgment... is contained in the judgment." Id. Thus, because Kingsley's address was not included on the judgment, the judgment never became a valid lien. To hold otherwise would require us to expand the meaning of otherwise unambiguous and clear statutory language in an improper abrogation of legislative power. See Westport Recovery Corp. v. Smith, 830 So.2d 226, 228 (Fla. 4th DCA 2002).
Accordingly, we find that although Kingsley's judgment was recorded before Tomalo's, Kingsley's judgment lien is invalid due to its failure to comply with the specific requirements of section 55.10(1). For the reasons stated herein, the trial court's judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
SILBERMAN and KELLY, JJ., Concur.