COVINGTON, Judge.
Patrick Butler challenges the circuit court’s final summary judgment foreclosing judgment liens held by the appellee, Sandra Butler, and setting a clerk’s sale of *240 his undivided one-half interest in their former marital residence. We reverse because the underlying judgments never became liens on the husband’s real property.
Sandra Butler’s complaint in foreclosure included two recorded judgments of $8261 and $1831.16 from 2001 and 2002, representing child support arrearages and unpaid health and medical expenses for their children. Her complaint alleged that the husband owed her $9190.12, plus unpaid interest and other expenses, and asserted a right to foreclose his undivided one-half interest in the property they held as tenants in common. The wife filed a motion for summary judgment with an affidavit supporting her claim for $9190.12, plus interest on the judgments. The husband never filed a response or an opposing affidavit.
Ten days before the summary judgment hearing, the court entered an amended order and judgment for contempt and commitment in the sum of $12,029.16, which was duly recorded. The wife did not, however, amend the complaint to include the third judgment. After a hearing, the court entered a final judgment of foreclosure in the total sum of $23,329.95, imposing a judgment lien in that amount on the husband’s undivided one-half interest in the property and setting a public sale. The final judgment referred to a mortgage that did not exist. The sale was stayed pending this timely appeal.
The movant must demonstrate conclusively and to a certainty from the record that the nonmovant cannot plead or otherwise raise a genuine issue of material fact. Coast Cities Coaches, Inc. v. Dade County, 178 So.2d 703 (Fla.1965); Beach Higher Power Corp. v. Granados, 717 So.2d 563, 565 (Fla. 3d DCA 1998). When, as in this case, the nonmovant fails to come forward with any affidavit or other proof in opposition to the motion for summary judgment, the movant need only establish a prima facie case whereupon the court may enter such judgment. See Harvey Bldg., Inc. v. Haley, 175 So.2d 780, 782-83 (Fla.1965).
The husband correctly asserts that the wife failed to observe formalities in recording judgments.
A judgment ... does not become a lien on real property unless the address of the person who has a lien as a result of such judgment ... is contained in the judgment ... or an affidavit with such address is simultaneously recorded with the judgment....
§ 55.10(1), Fla. Stat. (2001). A judgment does not mature into a lien where the lienholder’s address does not appear on the judgments. Consequently, no liens attached to the real property here as a result of the recordation of the judgments. See Tomalo v. Kingsley Displays, Inc., 862 So.2d 899, 900-01 (Fla. 2d DCA 2003) (citing Hott Interiors, Inc. v. Fostock, 721 So.2d 1236, 1238 (Fla. 4th DCA 1998)); Dyer v. Beverly & Tittle, P.A., 777 So.2d 1055, 1058 (Fla. 4th DCA 2001); Decubellis v. Ritchotte, 730 So.2d 723, 725-26 (Fla. 5th DCA 1999). Notwithstanding our concern that the final judgment added the third judgment that had not been included in pleadings or affidavit, it, too, was recorded without the requisite formalities of section 55.10(1). Accordingly, we reverse the final summary judgment.
We limit our decision to its holding and express no opinion on any other aspect of the case in light of the very limited record presented on appeal.
Reversed and remanded for further proceedings.
SALCINES and WALLACE, JJ., concur.