CIKLIN, C.J.
Abraham Gomez and Neida Barbarita Gomez (“the unit owners”) appeal the summary judgment entered in favor of Timbe-roof Roofing Co., Inc. (“Timberoof’) on Timberoof s prayer for declaratory relief. The unit owners argue that the trial court erred in finding that judgments recorded by Timberoof constituted liens where the judgments contained the address of Tim-beroof s attorney rather than the address of the judgment holder, as required by statute. Because the statute is clear and unambiguous, we agree, and thus reverse and remand for further proceedings.
After obtaining money judgments against a condominium association, Timbe-roof brought ah action against the unit owners, seeking a declaration that it was entitled to be paid the unit owners’ share of the judgments, as the judgments were obtained before the unit owners transferred ownership of one of their units. The unit owners moved to dismiss, arguing that the judgments did not constitute liens as they did not contain the address of the judgment holder, as required by section 55.10(1), Florida Statutes (2013). The trial court denied the motion. In their answer to the complaint, the unit owners raised, as an affirmative defense, Timberoof s failure to comply with section 55.10(1).
In its reply to the answer, Timberoof asserted that the judgments became judgment liens because “they contain the address which [Timberoof], a dissolved company, designated was its address, all within the body of the judgment.” (Emphasis in original).
Timberoof then moved for summary judgment, asserting that its judgments constituted liens on the property. In support of its motion, Timberoof filed exhibits, including the three judgments on which it relied, and the affidavit of Bill Ferguson, the owner of Timberoof, who averred as follows:
2. Plaintiff last filed its annual business report with the [Secretary of State on March 29, 2010[J and on September 23, 2011[,] the company became inactive due to its failure to file its annual business report.
3. On and before Plaintiff receiving its First Judgment (dated April 29, 2010) against [the condominium association,] Plaintiff was in the process of closing its business, and I as the owner, was personally moving out of Florida back to Texas.
4. Plaintiff designated its address as 1720 Harrison Street, Penthouse B Hollywood, FL 33020 within all of the Final Judgments because that is where Plaintiff wanted to receive its mail and where Plaintiff wanted to designate its address.
(Footnote omitted).
Attached to the affidavit was Exhibit 1, a February 2014 printout of a Sunbiz[1] information sheet for the Plaintiff, reflecting its “Principal Address” as “12935 Veterans Memorial, Houston, TX 77014” and its mailing address as “PO Box 682495, Houston, TX 77268.” The printout also reflects that “Ferguson, William E.” is the registered agent of Timberoof, and has the *1281 address “218 .Tropical Drive # J737, Hollywood, FL 33021.”
The three recorded judgments filed as summary judgment evidence provide the following addresses, respectively:
TIMBEROOF ROOFING CO., INC. whose address is c/o Gilbert & Caddy PA 1720 Harrison Street, Penthouse B Hollywood, FL 33020....
TIMBEROOF ROOFING CO., INC. as of whose address is c/o Gilbert & Caddy PA 1720 Harrison Street, Penthouse B Hollywood, FL 33020....
TIMBEROOF ROOFING CO., INC. whose address is designated as c/o Gilbert <& Caddy PA 1720 Harrison Street, Penthouse B Hollywood,. FL 33020_
After a hearing, the trial court granted summary judgment on the claim for declaratory relief, finding as follows: “A lien was created. The judgment lien is valid and complied with the requirements of the lien statute.” Because the summary judgment is based on a legal rather than factual issue, we employ a de novo standard of review. Cont’l Concrete, Inc. v. Lakes at La Paz III Ltd. P’ship, 758 So.2d 1214, 1217 (Fla. 4th DCA 2000).
Section 55.10, Florida Statutes provides in pertinent part:
(1) A judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county, whichever is maintained at the time of recordation, provided that the judgment, order, or decree contains the address of the person who has a lien as a result of such judgment, order, or decree or a separate affidavit is recorded simultaneously with the judgment, order, or decree stating the address of the person who has a lien as a result of such judgment, order, or decree. A judgment, order, or decree does not become a lien on real property unless the address of the person who has a lien as a result of such judgment, order, or decree is contained in the judgment, order, or decree or an affidavit with such address is simultaneously recorded with the judgment, order, or decree.
(Emphasis added).
Our courts have found the language of the statute to be plain and unambiguous in its requirement that the judgment contain the address of the person who “has a lien.” In Hott Interiors, Inc. v. Fostock, 721 So.2d 1236 (Fla. 4th DCA 1998), this court observed that the Legislature had taken pains to make it clear that the judgment holder’s address is: required:
As if to insist oh one interpretation, the statute in this case says the same thing in two' different ways. In separate sentences, section 55.10(1) specifies that the address of a judgment creditor must be contained in the judgment or in a simultaneously recorded affidavit in order for the judgment to become a lien on real estate. First, the statute states how a judgment becomes a lien: “[a] judgment ... becomes a lien on real estate ... [when properly recorded] ... provided' that the. judgment .., contains the address of the person who has a lien as a result of such judgment.” To emphasize this point, in the next sentence, the statute states that a judgment does not become a lien “unless the address of the person who has a lien as a result of such judgment .... is contained in the judgment.” We cannot ; expand this clear statutory, directive to say that the address of the judgment holder’s attorneys may he substituted for that of the judgment holder..
*1282 Id. at 1238 (alterations and emphasis in original). See Tomalo v. Kingsley Displays, Inc., 862 So.2d 899, 901 (Fla. 2d DCA 2003) (finding that lien did not comply with section 55.10(1) where it contained address of creditor’s attorney); Robinson v. Sterling Door & Window Co., 698 So.2d 570, 571 (Fla. 1st DCA 1997) (finding a judgment did not constitute a lien where the judgment contained the names of the creditor’s attorneys, but not the creditor’s address).
Timberoof argues that the “designation” of the attorney’s address as its own was sufficient to comply with the statute. The Second District rejected a similar argument in Tomalo:
In the case at bar, Kingsley has attempted to distinguish Hott and Robinson by focusing on the “c/o” on Kings-ley’s recorded judgment. While we recognize that the name [of the lien-holder] and an address do appear on the recorded judgment, we are mindful that section 55.10(1) does not merely call for “an address.” The statute very specifically requires “the address of the person who has a lien.”
Tomalo, 862 So.2d at 901.
Even if the case law could be read as leaving unsettled whether a dissolving or dissolved business may use its attorney’s address as its own where the business has no other possible address it could utilize— a matter we do not address in this opinion — the summary judgment evidence is unclear as to whether Timberoof was unable to comply with the statute and thereby state “the address of the [entity] who has a lien.” The owner’s affidavit simply provides that at the time the first judgment was obtained, Timberoof was in the process of dissolving, and that it used its attorney’s address in all the judgments “because that is where Plaintiff wanted to receive its mail and where Plaintiff wanted to designate its address.”
Timberoof also argues that the statute is unconstitutionally overbroad and vague, but it relies on the statute’s application to others not similarly situated to itself. Accordingly, we do not entertain the argument. See Jones v. Williams Pawn & Gun, Inc., 800 So.2d 267, 270 (Fla. 4th DCA 2001) (“The traditional rule is that ‘a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court.’ ” (citation omitted)).

Reversed and remanded for further proceedings.

GROSS and CONNER, JJ., concur.

. Sunbiz refers to the website for the Florida Department, of State, Division of Corporations.