# Supreme Court of Florida

---

No. SC2022-1275

---

**IN RE: AMENDMENTS TO FLORIDA RULES OF CIVIL PROCEDURE - FORMS 1.996(a) AND 1.996(b).**

January 11, 2024

PER CURIAM.

The Florida Bar's Civil Procedure Rules Committee has filed a report proposing amendments to Florida Rules of Civil Procedure Forms 1.996(a) (Final Judgment of Foreclosure) and 1.996(b) (Final Judgment of Foreclosure for Reestablishment of Lost Note).[1]

The Committee unanimously approved the form amendments, and the Board of Governors of The Florida Bar unanimously recommends acceptance of the proposed rule amendments. The Committee published the proposal for comment, but no comments were received. Thereafter, the Court published the proposal for comment, and one comment was received. Having considered the

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

proposed amendments, the Court amends forms 1.996(a) and (b) as proposed by the Committee. The more significant amendments are discussed below.

First, in form 1.996(a) under paragraph "1. Amounts Due," we replace "7%" with ".........." to allow the judge to insert the interest rate set by section 55.03, Florida Statutes (2023). Next, in paragraph "6. Right of Redemption/Right of Possession," we add "the rights of a bona fide tenant occupying residential premises under the federal Protecting Tenants at Foreclosure Act [(PTFA)], 12 U.S.C § 5220, note, or section 83.5615, Florida Statutes, and" to provide an exception for a bona fide tenant occupying premises under the PTFA or section 83.5615, Florida Statutes (2023). Next, in paragraph "8. Jurisdiction Retained," we replace "60 days after the sale" with "the date that the clerk reports the funds as unclaimed" to conform with section 45.031(1)(a), Florida Statutes (2023).

Further, we make similar amendments to form 1.996(b). For example, in paragraph "1. Amounts Due" after "TOTAL" we add the phrase "That must bear interest at a rate of .......... per year." As in form 1.996(a), this will allow the judge to insert the interest rate set

by section 55.03.  Additionally, in paragraph "6. Right of Redemption/Right of Possession," we add language providing an exception for a bona fide tenant occupying premises under the PTFA or section 83.5615 for the same reason discussed for form 1.996(a).  Last, in paragraph "9. Jurisdiction Retained," we amend the language to conform with section 45.031(1)(a).

Florida Rules of Civil Procedure forms 1.996(a) and 1.996(b) are amended as set forth in the appendix.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments will become effective April 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

Judson Lee Cohen, Chair, Civil Procedure Rules Committee, Miami Lakes, Florida, Landis V. Curry III, Past Chair, Civil Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Jeffrey S. Hittleman, Co-Chair, The Florida Housing Umbrella Group, Plantation, Florida, and Kevin S. Rabin, Co-Chair, The Florida Housing Umbrella Group, Gainesville, Florida,

Responding with comments

**FORM 1.996(a).     FINAL JUDGMENT OF FORECLOSURE**

FINAL JUDGMENT

This action was tried before the court. On the evidence presented

IT IS ADJUDGED that:

1. **Amounts Due.** Plaintiff, .....(name and address)....., is due

| | |
|---|---|
| Principal | $ .......... |
| Interest to date of this judgement | .......... |
| Title search expenses | .......... |
| Taxes | .......... |
| Attorneys' fees total | .......... |
| Court costs, now taxed | .......... |
| Other .......... | .......... |
| Subtotal | $ .......... |
| LESS: Escrow balance | .......... |
| LESS: Other | .......... |
| **TOTAL** | $ .......... |

That ~~shall~~<u>must</u> bear interest at a rate of ~~7%~~.......... per year.

2. **Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in.......... County, Florida:

(describe property)

3. **Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to

- 5 -

this judgment are not paid, the clerk of this court ~~shall~~<u>must</u> sell the property at public sale on .....(date)....., to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at .....(street address of courthouse)..... in .......... County in .....(name of city)....., Florida, in accordance with section 45.031, Florida Statutes, using the following method (CHECK ONE):

..... At .....(location of sale at courthouse; e.g., north door)....., beginning at .....(time of sale)..... on the prescribed date.

..... By electronic sale beginning at .....(time of sale)..... on the prescribed date at .....(website)......

**4.    Costs.** Plaintiff ~~shall~~<u>must</u> advance all subsequent costs of this action and ~~shall~~<u>must</u> be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale ~~shall~~<u>must</u> be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk ~~shall~~<u>must</u> credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

**5.    Distribution of Proceeds.** On filing the certificate of title the clerk ~~shall~~<u>must</u> distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this court.

**6.    Right of Redemption/Right of Possession.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens ~~shall~~<u>must</u> be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes<u>,</u> ~~shall~~<u>must</u> be terminated, except as to <u>the rights of a bona fide tenant occupying residential premises under the federal</u>

Protecting Tenants at Foreclosure Act, 12 U.S.C § 5220, note, or section 83.5615, Florida Statutes, and claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. ~~Upo~~On the filing of the certificate of title, the person named on the certificate of title ~~shall~~must be let into possession of the property, subject to the rights of a bona fide tenant occupying residential premises ~~pursuant to~~under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, note, or section 83.5615, Florida Statutes.

**7.    Attorneys' Fees**.

[If a default judgment has been entered against the mortgagor]

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3% of the principal amount owed at the time the complaint was filed, it is not necessary for the court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

[If no default judgment has been entered against the mortgagor]

The court finds, based ~~up~~on the affidavits/testimony presented and ~~up~~on inquiry of counsel for the plaintiff that .......... hours were reasonably expended by plaintiff's counsel and that an hourly rate of $.......... is appropriate. Plaintiff's counsel represents that the attorneys' fees awarded does not exceed its contract fee with the plaintiff. The court finds that there is/are no reduction or enhancement factors for consideration by the court ~~pursuant to~~under *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). (If the court has found that there are reduction or enhancement factors to be applied, then such factors must be identified and explained herein).

[If the fees to be awarded are a flat fee]

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

**8.    Jurisdiction Retained.** Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, <u>IF ANY,</u> YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN** ~~60 DAYS AFTER THE SALE~~<u>THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED</u>**. IF YOU FAIL TO FILE A <u>TMELY</u> CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment ~~shall~~<u>must</u> additionally contain the following statement in conspicuous type:]

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CONTACT THE CLERK OF THE COURT,** (INSERT INFORMATION FOR APPLICABLE COURT) **WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE**

**REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT** (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

ORDERED at ..........., Florida, on .....(date)......

_____
Judge

**NOTE:** Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide for an adjudication of junior lienors' claims nor for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; *Hott Interiors, Inc. v. Fostock*, 721 So.2d 1236 (Fla. 4th DCA 1998).

### Committee Notes

**1980 Amendment – 2019 Amendment.** [No Change]

**<u>2024 Amendment.</u>** <u>The Florida Protecting Tenants at Foreclosure Act, section 83.5615, Florida Statutes (2020), becomes</u>

effective only on the repeal of the federal Protecting Tenants at Foreclosure Act, Pub. L. No. 111-22, 12 U.S.C. § 5220, note.

**FORM 1.996(b). FINAL JUDGMENT OF FORECLOSURE FOR REESTABLISHMENT OF LOST NOTE**

FINAL JUDGMENT

This action was tried before the court. On the evidence presented

IT IS ADJUDGED that:

**1. Amounts Due**. Plaintiff, .....(name and address)....., is due

| | |
|---|---|
| Principal | $.......... |
| Interest to date of this judgement | .......... |
| Title search expenses | .......... |
| Taxes | .......... |
| Attorney's fees total | .......... |
| Court costs, now taxed | .......... |
| Other .......... | .......... |
| Subtotal | $.......... |
| LESS: Escrow balance | .......... |
| LESS: Other | .......... |
| **TOTAL** | $.......... |

That must bear interest at a rate of .......... per year.

**2. Lien on Property.** Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property .......... County, Florida:

(describe property)

**3. Sale of Property.** If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shallmust sell the

- 11 -

property at public sale on .....(date)....., to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at ....(street address of courthouse).... in .......... County in .....(name of city)....., Florida, in accordance with section 45.031, Florida Statutes, using the following method (CHECK ONE):

..... At .....(location of sale at courthouse; e.g., north door)....., beginning at .....(time of sale)..... on the prescribed date.

..... By electronic sale beginning at .....(time of sale)..... on the prescribed date at .....(website)......

**4. Costs.** Plaintiff ~~shall~~must advance all subsequent costs of this action and ~~shall~~must be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale ~~shall~~must be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk ~~shall~~must credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it as is necessary to pay the bid in full.

**5. Distribution of Proceeds.** On filing the certificate of title the clerk ~~shall~~must distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending further order of this court.

**6. Right of Redemption/Right of Possession.** On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens ~~shall~~must be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes, ~~shall~~must be terminated, except as <u>to the rights of a bona fide tenant occupying residential premises under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, note, or section 83.5615, Florida Statutes, and</u> claims or rights under

chapter 718 or chapter 720, Florida Statutes, if any. ~~Upo~~On the filing of the certificate of title, the person named on the certificate of title ~~shall~~must be let into possession of the property, subject to the rights of a bona fide tenant occupying residential premises ~~pursuant to~~under the federal Protecting Tenants at Foreclosure Act, 12 U. S. C. § 5220, note, or section 83.561**5**, Florida Statutes.

### 7.    Attorneys' Fees.

[If a default judgment has been entered against the mortgagor]

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3% of the principal amount owed at the time the complaint was filed, it is not necessary for the court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

[If no default judgment has been entered against the mortgagor]

The court finds, based upon the affidavits/testimony presented and upon inquiry of counsel for the plaintiff that .......... hours were reasonably expended by plaintiff's counsel and that an hourly rate of $ .......... is appropriate. Plaintiff's counsel represents that the attorney fee awarded does not exceed its contract fee with the plaintiff. The court finds that there are no reduction or enhancement factors for consideration by the court ~~pursuant to~~under *Florida Patients Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). (If the court has found that there are reduction or enhancement factors to be applied, then such factors must be identified and explained herein).

[If the fees to be awarded are a flat fee]

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

**8.    Re-establishment of Lost Note.** The court finds that the plaintiff has reestablished the terms of the lost note and its right to

enforce the instrument as required by applicable law. Plaintiff ~~shall~~must hold the defendant(s) maker of the note harmless and ~~shall~~must indemnify defendant(s) for any loss defendant(s) may incur by reason of a claim by any other person to enforce the lost note. Adequate protection has been provided as required by law by the following means: .....(identify means of security under applicable law: a written indemnification agreement, a surety bond, include specific detail)......

Judgment is hereby entered in favor of the plaintiff as to its request to enforce the lost note.

**9.     Jurisdiction Retained.** Jurisdiction of this action is retained to enforce the adequate protection ordered and to enter further orders that are proper including, without limitation, a deficiency judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, <u>IF ANY,</u> YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN ~~60 DAYS AFTER THE SALE~~<u>THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED</u>. IF YOU FAIL TO FILE A <u>TIMELY</u> CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

[If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment ~~shall~~must additionally contain the following statement in conspicuous type:]

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE**

- 14 -

**ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT,** (INSERT INFORMATION FOR APPLICABLE COURT) **WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT** (INSERT LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT** (NAME OF LOCAL OR NEAREST LEGAL AID OFFICE AND TELEPHONE NUMBER) **FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

ORDERED at .........., Florida, on .....(date)......

_____
Judge

NOTE: Paragraph 1 must be varied in accordance with the items unpaid, claimed, and proven. The form does not provide for an adjudication of junior lienors' claims or for redemption by the United States of America if it is a defendant. The address of the person who claims a lien as a result of the judgment must be included in the judgment in order for the judgment to become a lien

on real estate when a certified copy of the judgment is recorded. Alternatively, an affidavit with this information may be simultaneously recorded. For the specific requirements, see section 55.10(1), Florida Statutes; *Hott Interiors, Inc. v. Fostock*, 721 So. 2d 1236 (Fla. 4th DCA 1998).

**Committee Note**

**2014 Amendment – 2019 Amendment.** [No Change]

**2024 Amendment.** The Florida Protecting Tenants at Foreclosure Act, section 83.5615, Florida Statutes (2020), becomes effective only on the repeal of the federal Protecting Tenants at Foreclosure Act, Pub. L. No. 111-22, 12 U.S.C. § 5220, note.